UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMA SHAMOUN,

     Plaintiff,                          Case No. 12-15608

v.                                    Hon. Patrick J. Duggan

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and CHASE
MANHATTEN MORTGAGE
CORPORATION,

     Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO DISMISS AND DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS

Plaintiff Sama Shamoun commenced this action against Defendants Federal National Mortgage Association ("Fannie Mae") and JPMorgan Chase Bank, N.A. ("Chase")[1] in state court seeking damages as well as various forms of declaratory relief to remedy purported violations of Michigan's foreclosure by advertisement statute and the related loan modification statute. It is undisputed that Plaintiff defaulted under the terms of the loan agreement, that the foreclosure by advertisement is complete, and that the redemption period expired without Plaintiff availing herself of the right to redeem or

_____

[1] The Complaint names "Chase Manhatten Mortgage [sic] Corporation" as a defendant in the instant action. Chase Manhattan merged with and into Chase Home Finance, LLC on January 1, 2005. On May 1, 2011, Chase Home Finance merged into Defendant JPMorgan Chase Bank, N.A., making Defendant JPMorgan Chase Bank ("Chase") the successor by merger to Chase Manhattan.

without having converted the foreclosure by advertisement into a foreclosure conducted with judicial oversight.

After removing the action to this Court, each Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), pointing out that this is yet another in a string of residential mortgage foreclosure cases filed by Plaintiff's attorney Emmett Greenwood.[2]  (ECF Nos. 9, 11.)  Despite sending Plaintiff's counsel notice of the Court's motion practice guidelines, no response has been filed.  (ECF No. 10.)  Having determined that that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Local Rule 7.1(f)(2).  (ECF No. 12.)  For the reasons stated herein, the Court grants both motions to dismiss and dismisses Plaintiff's Complaint with prejudice.

## I.   FACTUAL AND PROCEDURAL BACKGROUND [3]

On or about May 2, 2003, Plaintiff and her husband, Gorgis Alkasspooles, accepted a $128,500 loan from Chase Manhattan Mortgage Corporation, and, in exchange, executed a promissory note secured by a mortgage on property located at

---

[2] A sampling of Mr. Greenwood's many foreclosure-related cases may be found in *Saroki v. Bank of N.Y. Mellon*, No. 12-13961, 2012 U.S. Dist. LEXIS 160890 (E.D. Mich. Oct. 31, 2012) (Duggan, J.).

[3] Plaintiff sets forth scant factual detail in her Complaint, although she does provide: (1) "Plaintiffs" claim the subject property in fee simple absolute by way of an executed warranty deed; (2) Defendants claim the subject property by way of a sheriff's deed; (3) she purchased the property and resides therein; (4) she "attempted to get a loan modification and/or negotiate in good faith a settlement for the subject property"; (5) the sheriff's sale took place on June 22, 2012 and the redemption period has expired; and (6) that since the sheriff's sale, Plaintiff and her representative have attempted in good faith to continue with "the Settlement process to no avail."  (Compl. ¶¶ 3-9, 16.)

26956 Merideth Drive, Warren, Michigan 48092 (the "Property").[4]  (Compl. ¶ 2;
Mortgage, Chase Mot. Ex. A.)  On March 29, 2011, Chase Home Finance, LLC,
successor by merger to Chase Manhattan, assigned the Mortgage to Fannie Mae.
(Assignment, Chase Mot. Ex. B.)  This assignment was recorded with the Macomb
County Register of Deeds.  (*Id.*)

      Plaintiff and her husband defaulted on the Mortgage due to nonpayment of the
monthly installment payments.  (Fannie Mae Br. 7.)  After failing to cure this default,
Fannie Mae's servicer initiated foreclosure proceedings.  (*Id.*)  At the June 22, 2012
sheriff's sale, Fannie Mae purchased the Property and received a sheriff's deed.  (Compl.
¶ 7; Chase Mot. Ex. C.)  Pursuant to Michigan law, the statutory redemption period
expired on December 22, 2012.  Mich. Comp. Laws § 600.3240(8).  Plaintiff did not
redeem but alleges that "since the Sheriff Sale[,] the Plaintiff has attempted in good faith
to continue with the Loan Modification process and [to] negotiate a settlement to no
avail."  (Compl. ¶ 33.)

      On December 4, 2012, Plaintiff filed a Complaint in Macomb County Circuit
Court.[5]  Defendants removed the matter to this Court on December 21, 2012, on the
grounds of diversity jurisdiction.  28 U.S.C. §§ 1332, 1441, 1446.  Chase filed its Motion
to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 28, 2013.
(ECF No. 9.)  Fannie Mae followed suit, filing its Motion to Dismiss on February 1,
2013.  (ECF No. 11.)

---

[4] The Complaint indicates that the zip code is 48091.  (Compl. ¶ 2.)
[5] Case No. 12-5393-CH.

3

Plaintiff's Complaint alleges five counts: (1) Count I – Quiet Title; (2) Count II – Assignment of the Mortgage without the Note; (3) Count III – Unjust Enrichment; (4) Count IV – Breach of Implied Agreement/Specific Performance; and (5) Count V – Breach of Michigan Compiled Laws § 600.3205(c).

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) allows the Court to make an assessment as to whether a plaintiff's pleadings have stated a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007), the Court must construe the complaint in favor of the plaintiff and determine whether plaintiff's factual allegations present claims plausible on their face.  This standard requires a claimant to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of their claims.  *Id.* at 557, 127 S. Ct. at 1965.  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965) (internal citations omitted); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief [.]").

In determining whether a plaintiff has set forth a "claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting

4

*Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974), courts must accept the factual allegations in the complaint as true, *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. This presumption, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65) (internal citations and quotations omitted).

Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of [a legal transgression], the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citations omitted). In conducting its analysis, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

### III.    ANALYSIS

Defendants seek dismissal of all five causes of action arguing that (1) Plaintiff has failed to plead fraud or an irregularity sufficient to justify the equitable extension of the

5

redemption period and (2) that each of Plaintiff's individual counts fails to state a claim upon which relief may be granted.[6]  The Court first analyzes the effect of the expiration of the redemption period and then analyzes each count individually.

## A.      Expiration of the Redemption Period

In Michigan, statutory law governs foreclosure sales by advertisement, such as the foreclosure at issue in this case.  *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (1993).  Thus, "[o]nce the mortgagee elects to foreclose a mortgage by this method, the statute governs the" entire process.  *Id.* (citing Mich. Comp. Laws § 600.3201, *et seq.*).  Once a property is foreclosed and sold at a sheriff's sale, mortgagors have six months to redeem.  Mich. Comp. Laws § 600.3240(8).  If no redemption is made, the sheriff's deed "become[s] operative, and [] vest[s] in the grantee named therein . . . all the right, title, and interest [] the mortgagor had[.]"  *Id.* § 600.3236.  Stated differently, mortgagors lose "all their right, title, and interest in and to the property at the expiration of their right of redemption."  *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 186, 4 N.W.2d 514, 516 (1942).  This rule of law – holding that absolute title vests in the purchaser at the foreclosure sale upon expiration of the redemption period – has been applied consistently "to bar former owners from making any claims with respect to the foreclosed property after the end of the redemption period."  *Hall v. Green Tree*

---

[6] Chase argues that the Complaint should be dismissed because "Plaintiff does not plead a single fact as to Chase, does not identify any action taken by Chase, and does not even identify how Chase is involved in the Loan or Property."  (Chase Br. 17.)  The Court agrees; however, because Fannie Mae and Chase both present similar arguments for dismissal, the Court will analyze the various counts as to each Defendant.

2:12-cv-15608-PJD-LJM   Doc # 13   Filed 05/21/13   Pg 7 of 20   Pg ID 271

*Servicing, L.L.C.*, No. 12-11811, 2012 U.S. Dist. LEXIS 85955, at *8-9 (E.D. Mich. June 21, 2012) (Edmunds, J.) (collecting cases).

There is, however, one important caveat to the general rule described above. Once a foreclosure sale has taken place and the redemption period has run, a court may allow "an equitable extension of the period to redeem" if a plaintiff makes "a clear showing of fraud, or irregularity" by the defendant. *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 784, 785 (1969); *see also Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d 46, 49 (2000) ("[I]n the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict statutory requirements.") (citing *Senters*, 443 Mich. at 55, 503 N.W.2d at 643). Notably, the purported fraud or irregularity must relate to the foreclosure procedure. *Reid v. Rylander*, 270 Mich. 263, 267, 258 N.W. 630, 631 (1935) (holding that only the foreclosure procedure may be challenged after a sale); *Freeman*, 241 Mich. App. at 636-38, 617 N.W.2d at 49 (reversal of sheriff's sale improper without fraud, accident, or mistake in foreclosure procedure).

In the instant case, Plaintiff seeks relief in the form of an order from the Court "[g]ranting Plaintiff all legal title to the subject property[.]" (Compl.) Because the redemption period has expired, Plaintiff must make a plausible showing of fraud or irregularity to state a viable claim for the relief requested. The Court addresses fraud and irregularity in turn.

The word fraud appears once in the Complaint, (*id.* ¶ 35), and nowhere in the Complaint are allegations concerning fraud that come close to satisfying the heightened pleading burden embodied in Federal Rule of Civil Procedure 9(b). Rule 9(b) provides

7

that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy this standard, a claimant must "(1) specify the statements the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent." *Louisiana School Employees' Ret. Sys. v. Ernst & Young, L.L.P.*, 662 F.3d 471, 478 (6th Cir. 2010).

To prevail on a fraud claim in Michigan, a plaintiff is required to prove: (1) that the defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976) (internal quotations omitted). The Complaint alleges "[t]hat the [Defendants][7] made false and misleading representation of material facts in connection with the loan modification process and status." (Compl. ¶ 13.) Furthermore, "the [Plaintiff][8] relied on [Defendants'] material [mis]representations, that the loan modification would prevent foreclosure on said property." (*Id.* ¶ 14.) In lieu of providing factual enhancement required under the heightened pleading standard of Rule

---

[7] The Complaint actually indicates that the "Plaintiff's made false and misleading representations of material facts[;]" however, the Court believes that Plaintiff's counsel intended to make such allegations against Defendants. (Compl. ¶ 13.)

[8] Again, the Court assumes that counsel intended to use the word Plaintiff as opposed to "Defendants." (Compl. ¶ 14.)

9, Plaintiff merely parrots the elements of fraud.  Plaintiff has not specified any

statements that were fraudulent nor explained why the statements constitute fraud, has

not identified the speaker or even which Defendant made the allegedly fraudulent

statements, and has not provided information regarding where and when such statements

were made.  In short, Plaintiff's Complaint falls far short of providing the factual detail

necessary to justify the relief sought.

Moreover, the only suggestion of an irregularity is that Plaintiff was attempting to

negotiate a loan modification before and after the sheriff's sale and that "the action of the

Defendants was intentionally designed to preclude the Plaintiff from entering into a Loan

Modification or a negotiated settlement to keep possession of her home."  (*Id.* ¶¶ 6-8, 12.)

Even when construed in the light most favorable to Plaintiff, these allegations do not

constitute an irregularity sufficient to set aside the foreclosure sale.  The Complaint

provides no factual basis to support this assertion and such conclusory allegations do not

suffice to survive a Rule 12(b)(6) motion.

**B.     Plaintiff's Claims**

*1.     Count I – Quiet Title*

In Count I, Plaintiff seeks to set aside the sheriff's sale and have the Court declare

that she has legal title to the property.  As an initial matter, the Court notes that quiet title

actions are remedies, not independent causes of action.  *Goryoka v. Quicken Loan, Inc.*,

No. 11-2178, 2013 U.S. App. LEXIS 5524, at * 7 (6th Cir. Mar. 18, 2013) (per curiam)

(noting that district court properly dismissed plaintiff's quiet title count because it is not a

cause of action but rather a remedy).  Michigan law does, however, provide a statutory

9

mechanism for quieting title, which the Court addresses in the interest of completeness.
Mich. Comp. Laws § 600.2932(1) ("Any person . . . who claims any right in, title to,
equitable title to, interest in, or right to possession of land, may bring an action . . .
against any other person who claims . . . [an inconsistent interest.]").  The statutory
language requires a plaintiff seeking to quiet title to establish a substantive right in the
property superior to others claiming an inconsistent interest.  *Beach v. Twp. of Lima*, 489
Mich. 99, 110, 802 N.W.2d 1, 8 (2011).  Plaintiff bears the initial burden of proof and
must establish a *prima facie* case of title.  *Stinebaugh v. Bristol*, 132 Mich. App. 311,
316, 347 N.W.2d 219, 221 (1984) (citation omitted).  "Establishing a *prima facie* case of
title requires a description of the chain of title through which ownership is claimed."
*Sembly v. U.S. Bank, N.A.*, No. 11-12322, 2012 U.S. Dist. LEXIS 1440, at *9 (E.D. Mich.
Jan. 6, 2012) (Rosen, C.J.).

Here, Plaintiff has not alleged facts establishing a *prima facie* case of title.
Plaintiff merely asserts, without further documentation or supporting facts, that she
acquired title to the property by way of an executed warranty deed and that Defendant
claims an interest pursuant to the sheriff's deed.  (Compl. ¶¶ 3, 16.)  These allegations do
not describe a chain of title nor do the allegations demonstrate a superior chain of
ownership in Plaintiff's favor.  As in *Rydzewski v. Bank of N.Y. Mellon*, "Plaintiff does
not contest that [s]he failed to pay and defaulted on the loan.  [S]he provides no
allegations to indicate that [s]he has a plausible claim of ownership superior to the
Bank's."  No. 12-12047, 2012 U.S. Dist. LEXIS 129955, at *10 (E.D. Mich. Sept. 12,
2012) (Cohn, J.).  In fact, Plaintiff's Complaint supports a finding that Fannie Mae has a

10

superior title to the Property based on the sheriff's sale and expiration of the redemption period.[9]  (*See* Compl. ¶ 9 ("[T]he redemption period . . . has expired.")); *Piotrowski*, 302 Mich. at 186, 4 N.W.2d at 516 (explaining that mortgagors lose "all their right, title, and interest in and to the property at the expiration of their right of redemption").

Because Plaintiff has not demonstrated any interest in the Property, the Court dismisses Count I for failure to state a claim upon which relief can be granted.

**2.**      ***Count II – Assignment of the Mortgage without the Note***

Count II asserts a claim under the theory that a mortgage may not be assigned without the note.  Irrespective of the allegations, however, Plaintiff lacks standing to challenge the assignment.  *See, e.g.*, *Livonia Properties Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, L.L.C.*, 717 F. Supp. 2d 724, 737 (E.D. Mich. 2010) (holding that "a litigant who is not a party to an assignment lacks standing to challenge that assignment"), *aff'd*, 399 F. App'x 97, 103 (6th Cir. 2010).  This is particularly true where "any defect in the assignment of the mortgage would make no difference where both parties to the assignment ratified the assignment by their subsequent conduct in honoring its terms[.]"  *Yuille v. Am. Home Mortgage Servs., Inc.*, 483 F. App'x 132, 135 (6th Cir. 2012).  Even if the underlying indebtedness was somehow separated from the Mortgage, any such transfer has no impact on the validity of the Mortgage, particularly when there is no risk that a mortgagor will have to pay the same debt twice.  *Residential Funding Co. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011); *Livonia*, 399 F. App'x at 103.

---

[9] Plaintiff makes no effort to explain why an action to quiet title has been brought against Chase.  Chase assigned the Mortgage to Fannie Mae before the sheriff's sale and is not claiming any interest in the property.

Despite alleging that Plaintiff "made payments to the defendant under the belief that the defendant was the owner or holder of a promissory note which may have been signed by" her, (compl. ¶ 19), and that neither Defendant owns nor hold the "purported note to which the plaintiff may or may not be bound to make payments[,]" (*id.* at ¶ 23) Plaintiff's allegations are so lacking in factual support that they fail to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted). Accordingly, Count II is dismissed.

**3.      *Count III – Unjust Enrichment***

Count III seeks to state a cause of action for unjust enrichment. In Michigan, a claim for unjust enrichment requires a plaintiff to show a "(1) receipt of a benefit by Defendant from Plaintiff, and (2) an inequity resulting to Plaintiff because of Defendant's retention of the benefit." *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 478, 666 N.W.2d 271, 280 (2003) (citation omitted). If both elements are shown, courts will imply a contract to prevent unjust enrichment. *Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 36, 718 N.W.2d 827, 841 (2006). Importantly, however, a contract will not be implied where there is an express contract governing the same subject matter. *Id.*

Plaintiff alleges that Defendants precluded Plaintiff from receiving a loan modification prior to foreclosure and that Defendants have been "unjustly enriched in excess of $25,000 and Plaintiff would suffer a loss in that amount, plus the loss of the subject property as a result of attempting in good faith to modify the Loan or negotiate a

settlement in order to keep possession of her home." (Compl. ¶ 30.) These allegations fail to state a claim as a matter of law for two reasons.

First, the purported "unjust enrichment" is factually frivolous as Plaintiff borrowed funds to purchase the Property and has failed to repay them. "There is nothing inequitable about a bank's decision to exercise a standard, statutory foreclosure remedy when a borrower stops making payments on a loan secured by a mortgage." *Smith v. Litton Loan Servicing, L.P.*, No. 12-1684, 2013 U.S. App. LEXIS 5058, at * 9 (6th Cir. Mar. 12, 2013). Although Plaintiff has technically alleged an inequity, this Court is "not bound by allegations that are clearly unsupported or unsupportable[.]" *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123 (6th Cir. 1971) (citations omitted).

The second reason the unjust enrichment claim fails is that the Mortgage and Note establish the rights and obligations of the parties relative to the Property, including the right to foreclose in the event Plaintiff defaults upon the payment terms set forth in the Note. *See, e.g.*, *Rydzewski*, No. 12-12047, 2012 U.S. Dist. LEXIS 129955, at *12-13 (rejecting claim for unjust enrichment when the rights and obligations of the parties were governed by a mortgage and note). Plaintiff defaulted on the loan obligations and Fannie Mae, the foreclosing party, acted in accordance with its rights under the terms of the Note. Because an express contract governs the rights and obligations of the parties with respect to the Property, Plaintiff cannot state a plausible unjust enrichment claim as a matter of law. Therefore, the Court dismisses Count III.

**4.      *Count IV – Breach of Implied Agreement/Specific Performance***

In Count IV, Plaintiff seeks an order requiring Defendant to "continue the processing of the Loan Modification or negotiate in good faith a settlement on the subject property so that the Plaintiff can keep possession of [her] home." (Compl. ¶ 35.) Plaintiff believes this order is justified because she "was to modify the Loan or negotiate in good faith a settlement with Defendants" and that since the sheriff's sale, "Plaintiff has attempted in good faith to continue with the Loan Modification process." (*Id.* at ¶¶ 32-33.)  Based on these allegations, it appears that Plaintiff's claim for a breach of an implied agreement is premised on oral statements pertaining to a loan modification.

Under Michigan's statute of frauds, any alleged promise by a financial institution to renew, extend, modify, or permit a delay in repayment or performance of loan must be reduced to a writing and signed by the financial institution to be enforceable.  Mich. Comp. Laws § 566.132(2)(b).  As the Michigan Court of Appeals has explained, this statute precludes a party "from bringing a claim--no matter its label--against a financial institution to enforce the terms of an oral promise[.]"  *Crown Tech. Park v. D&N Bank, F.S.B.*, 242 Mich. App. 538, 550, 619 N.W.2d 66, 72 (2000).  Assuming Plaintiff's Complaint contains sufficient factual allegations to establish the existence of an oral promise to modify the loan, Plaintiff has not alleged the existence of a writing signed by either Defendant confirming any such loan modification.  As such, Count IV must be dismissed as barred by Michigan's statute of frauds.  *Rydzewski*, No. 12-12047, 2012 U.S. Dist. LEXIS 129955, at *13.

**5.    *Count V - Breach of Michigan Compiled Laws § 600.3205(c)***

14

Plaintiff alleges that Defendants violated Michigan Compiled Laws § 600.3205c. This statute sets forth the procedure parties to a mortgage must follow when engaging in loan modification discussions. The Complaint simply recites the pertinent statutory language and in a wholly conclusory fashion devoid of any factual enhancement alleges that Defendants violated the statute by "fail[ing] to modify Plaintiff's mortgage." (Compl. ¶ 38.) As relief, Plaintiff seeks legal title to the Property. (*Id.*)

The Court first notes that Plaintiff has not alleged that she complied with her obligations under Michigan's loan modification statute. Plaintiff has not alleged that she contacted a housing counselor nor has she alleged that she submitted the documentation required to facilitate a loan modification. *See* Mich. Comp. Laws § 600.3205b(1)-(2). Without these facts, the Court has no way of determining whether Defendants' obligation to commence the loan modification process was ever triggered. *Id.* § 600.3205c(1).

Plaintiff fails to state a claim for additional reasons. First, the statute does not require mortgage holders or servicers to modify a loan and therefore, the failure to modify does not provide an independent basis for finding a statutory violation. *Dingman v. One West Bank, FSB*, 899 F. Supp. 2d 912, 922 (E.D. Mich. 2012). Second, the statute "does not provide any basis for unwinding the foreclosure." *Ellison v. JPMorgan Chase, N.A.*, No. 12-12629, 2012 U.S. Dist. LEXIS 142386, at *13 (E.D. Mich. Oct. 2, 2012) (Cohn, J.); *see also Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 U.S. Dist. LEXIS 130935, at *5 (E.D. Mich. Nov. 14, 2011) (Duggan, J.) ("[T]he statute does not permit the Court to set aside a completed foreclosure sale."). Rather, the statute provides for a specific remedy in cases where a foreclosure by advertisement is commenced in violation

15

of the loan modification statute: "the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure." Mich. Comp. Laws § 600.3205c(8); *see also Block v. BAC Home Loans Serv., L.P.*, No. 12-1955, 2013 U.S. App. LEXIS 6393, at *4-5 (6th Cir. Mar. 26, 2013) ("Even if the Blocks' [loan modification] claim had merit, they could not receive what their complaint asks for: 'all legal title to' the foreclosed home. . . . Instead, the remedy for a breach of the loan-modification statute is to 'convert the foreclosure proceeding to a judicial foreclosure.'") (citations omitted).

In the instant case, the foreclosure is complete. Even assuming Plaintiff was entitled to a loan modification, which she has not pled, she cannot obtain the relief she seeks because the Court is without authority to set aside the foreclosure sale. Count V of Plaintiff's Complaint is therefore dismissed for failure to state a claim.

## C.   Sanctions

Although both Defendants seek to recover the costs and fees incurred by having to defend this action, only Fannie Mae presents any argument as to why such an award is justified in this case. Fannie Mae contends that the Court should sanction Plaintiff's counsel Mr. Greenwood pursuant to Federal Rule of Civil Procedure 11(b) and 28 U.S.C. § 1927. (Fannie Mae Br. 15-17.) These provisions are addressed in turn.

Rule 11 indicates that by presenting to the court a pleading, written motion or other paper, an attorney "is certifying that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the document satisfies the following:

16

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b). Rule 11 also provides procedural requirements that *must* be followed before sanctions can be imposed. Fed. R. Civ. P. 11(c)(1). One of these requirements is a two-step process set forth in subdivision (c)(1)(A) of the rule, known as the "safe harbor" provision. This provision requires a party intending to file a motion for sanctions with the court to "first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court." *Ridder v. City of Southfield*, 109 F.3d 288, 293-94 (6th Cir. 1997). This two-step procedure allows the opposing party twenty-one days to withdraw the challenged paper, claim, allegation, etc., and thus avoid Rule 11 sanctions. *Id*. at 294.

If the opposing party does not withdraw the challenged item and "[i]f, after notice and a reasonable opportunity to respond" a court determines that subsection (b) has been violated, Rule 11 provides that the court may impose an appropriate sanction upon the attorney who violated the rule. Fed. R. Civ. P. 11(c). The rule limits sanctions "to what

17

is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."   Fed. R. Civ. P. 11(c)(2).

Fannie Mae did not follow the procedure outlined above and the Court, therefore, will not sanction Mr. Greenwood pursuant to Rule 11.

Despite this declination, the Court is aware that Mr. Greenwood was recently sanctioned by Chief Judge Rosen, pursuant to Rule 11 and 28 U.S.C. § 1927, for filing "no fewer than 75 foreclosure cases  . . . in the last 12 months alone, virtually none of which have survived dispositive motion practice." *Landis v. Fannie Mae*, Nos. 12-11996, 12-12965, 2013 U.S. Dist. LEXIS 17075 (E.D. Mich. Feb. 8, 2013) (Rosen, C.J.) (imposing sanctions).  In addition to imposing sanctions, Chief Judge Rosen instituted disciplinary proceedings against Mr. Greenwood pursuant to Eastern District of Michigan Local Rule 83.22(e).  *Id.*

The Complaint in the instant action was filed before Chief Judge Rosen sanctioned Mr. Greenwood.  Accordingly, the Court will not sanction Mr. Greenwood pursuant to 28 U.S.C. § 1927, which provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Although this Court is no stranger to Mr. Greenwood's serial mortgage case filings, *see, e.g.*, *Joseph v. JPMorgan Chase Bank, N.A.*, No. 12-12777, 2013 U.S. Dist. LEXIS 8285 (E.D. Mich. Jan. 22, 2013) (Duggan, J.) (dismissing complaint with prejudice); *Saroki v. Bank of N.Y. Mellon*, No. 12-13961, 2012 U.S. Dist.

18

LEXIS 160890, at *2 ( E.D. Mich. Oct. 31, 2012) (Duggan, J.) (same); *Kopko v. Bank of N.Y. Mellon*, No. 12-13941, 2012 U.S. Dist. LEXIS 152980, at *16-17 n.6 (E.D. Mich. Oct. 23, 2012) (Duggan, J.) (same), "[i]n light of the fact that disciplinary proceedings are currently pending against Mr. Greenwood for the same kind of conduct found in the case at bar, this Court elects not to initiate an independent sanctions process[,]" *Gullett v. Midfirst Bank*, No. 12-15479, 2013 U.S. Dist. LEXIS 55497, at *3 n.2 (E.D. Mich. Apr. 18, 2013) (Berg, J.). However, as Judge Berg indicated in *Gullett*, "Mr. Greenwood's conduct in this case will be brought to the attention of the panel convened by Chief Judge Rosen so that it may be given whatever weight may be appropriate in reaching its decision." *Id.*

The Court notes that although Chief Judge Rosen did not explicitly order Mr. Greenwood to withdraw any similar actions pending in the Eastern District of Michigan, caution would suggest this as the wiser course. In fact, prior to the February sanctions hearing, Judge Cox ordered Mr. Greenwood to "re-evaluate any other actions that he currently has pending before the undersigned, to determine whether each claim asserted in those actions has an arguable basis in fact and law." *Rabbah v. Fed. Home Loan Mortgage Corp.*, No. 12-14599, 2013 U.S. Dist. LEXIS 5724, at *15 (E.D. Mich. Jan. 15, 2013) (Cox, J.). The Court concurs in Judge Cox's order and further notes that in the future, the date the action was filed or removed will not weigh in Mr. Greenwood's favor.

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court concludes that Plaintiff's Complaint fails to state a claim for relief on any of the five counts included therein.

19

Accordingly,

**IT IS ORDERED that** Defendant JPMorgan Chase Bank, N.A.'s ("Chase") and

Defendant Federal National Mortgage Association's ("Fannie Mae") Motions to Dismiss,

(ECF Nos. 9, 11), are **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH**

**PREJUDICE**;

**IT IS FURTHER ORDERED** that Defendants' motions for sanctions pursuant to

Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 are **DENIED**;

**IT IS FURTHER ORDERED** that Mr. Greenwood is directed to re-evaluate any

other actions that he currently has pending before the undersigned, to determine whether

each claim asserted in those actions has an arguable basis in fact and law.


Date:  May 21, 2013

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:

**Emmett D. Greenwood, Esq.**
**Jennifer L. Newby, Esq.**
**Kyle R. Dufrane, Esq.**
**John F. Rhoades, Esq.**